

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 11, 2022**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| North Richland Hills Alamo, LLC, et al.[1] | § | Case No. 22-40384 (elm) |
| | § | |
| Debtors. | § | (Jointly Administered) |

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
## ORDER CONFIRMING AMENDED SUBCHAPTER V PLAN OF LIQUIDATION FOR
## DEBTOR NORTH RICHLAND HILLS ALAMO, LLC

---

[1] The Debtors in these Subchapter V Cases, along with each Debtor's last four digits of its federal tax identification number and address, are: North Richland Hills Alamo, LLC (2387) 8380 Davis Boulevard, North Richland Hills, Texas 76182; and Iced Tea with Lemon, LLC (6250) 100 South Central Expressway #14, Richardson, Texas 75080. Information about the case, including any supplements, amendments or modifications to this Plan may be obtained at Information about these Subchapter V Cases can be found at any of the following: https://omniagentsolutions.com/NorthRichland, the bankruptcy clerk's office, or https://pacer.uscourts.gov.

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC**

1

83756455.2

CAME ON FOR HEARING on June 8, 2022 (the **"Confirmation Hearing"**), confirmation of the *Subchapter V Plan of Liquidation for Debtor North Richland Hills Alamo, LLC* [Docket No. 148] filed on April 29, 2022 by Debtor and Debtor-In-Possession North Richland Hills Alamo, LLC ("**Debtor**") in the above-captioned Subchapter V bankruptcy case (the "**Subchapter V Case**" or "**Case**"),[2] as amended on June 3, 2022 [Docket No. 179] and supplemented with the documents contained in the Debtor's *Notice of Filing Subchapter V Plan Supplement* [Docket No. 162] (the "**Plan Supplement**") filed on May 25, 2022 (collectively, as further amended, modified or supplemented as set forth herein, the **"Plan"**).

The Court having: (a) reviewed the Plan, the Plan Documents, the *Declaration of William C. DiGaetano in Support of Confirmation of the Subchapter V. Plan of Liquidation for Debtor North Richland Hills Alamo, LLC* [Docket No. 183] (the "**DiGaetano Declaration**") filed by the Debtor on June 6, 2022, the *Declaration of Kim D. Steverson of Omnis Agent Solutions Regarding Solication of Votes and Tabulation of Ballots Cast on the Subchapter V Plan of Liquidation of Debtor North Richland Hills Alamo, LLC* [Docket No. 180] (the "**Ballot Declaration**") filed by the Debtor on June 3, 2022, (b) conducted the Confirmation Hearing, (c) heard the statements, representations, and arguments of counsel for Debtor and other parties in interest, and considered the evidence presented or proffered at the Confirmation Hearing, (d) considered the compromises and settlements embodied in and contemplated by the Plan, the briefs and arguments regarding Confirmation of the Plan, the withdrawal and resolution of any and all objections or informal comments to the Plan, and all other evidence presented at the Confirmation Hearing; and the Debtor having timely provided all holders of Claims against and Interests in the Debtor (collectively, **"Claimants"**) and all parties in interest with

---

[2] Capitalized terms used but not defined herein shall have the meanings provided in the Plan unless otherwise noted.

good and sufficient notice of the Plan, Plan Documents, Confirmation Hearing, and all applicable deadlines in accordance with the provisions of title 11 of the United States Code (the "**Bankruptcy Code**"),[3] the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of this Court (the "**Local Rules**"), and the orders of this Court, as evidenced by the docket in this case, the Ballot Declaration and the Certificates of Service filed with this Court (collectively, the "**Solicitation Certificates**")[4] by the Debtor's solicitation agent Omni Agent Solutions ("**Omni**"); and there being no formal objections to confirmation of the Plan and all informal objections having been resolved by the applicable parties under the terms of this order (this "**Order**"); and upon the entire record of these Cases, the record made at the Confirmation Hearing, and the arguments of counsel and all evidence adduced at the Confirmation Hearing; and the Court having determined, based upon the foregoing, and as further set forth herein, that the Plan should be confirmed; and after due deliberation and good cause appearing therefor, the Court hereby

**FINDS, DETERMINES, AND CONCLUDES AS FOLLOWS:**

A.     __Findings of Fact and Conclusions of Law.__ The findings and conclusions set forth herein and on the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by this Court at the Confirmation Hearing in relation to confirmation of the Plan are hereby incorporated into this Order. To the extent any

---

[3] All references to statutory code provisions reference the Bankruptcy Code unless otherwise noted.

[4] "**Solicitation Certificates**," as used herein, refers collectively to (i) the *Certificate of Service* dated May 6, 2022 [Docket No. 161] evidencing the Debtor's service of the Solicitation Packages (defined below); (ii) the *Certificate of Service* dated May 26, 2022 [Docket No. 170] evidencing the Debtor's service of the Plan Supplement; and (iii) any other *Certificates of Service* Filed with the Court in connection with the Plan, Plan Documents Solicitation Packages, or solicitation process.

FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC      **3**

83756455.2

of the Court's findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

B.     **Jurisdiction, Venue, Core Proceeding.** This Court has jurisdiction over the Case and the proceedings involving confirmation of the Plan pursuant to 28 U.S.C. §§ 1334 and 157 and Miscellaneous Order No. 33 of the United States District Court for the Northern District of Texas. The proceedings constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L) and (O), and this Court has jurisdiction to enter a final order with respect thereto. To the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, the Debtor consents to the entry of a final order by the Court in accordance with the terms set forth herein. The Debtor is an eligible subchapter V debtor under the Bankruptcy Code. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is the proponent of the Plan under section 1121(a) and 1189 of the Bankruptcy Code.

C.     **Commencement of the Subchapter V Cases.** On February 25, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in this Court under subchapter V of the Bankruptcy Code, thereby commencing the Case. The Debtors' Cases are jointly administered under Case No. 22-40384 pursuant to Bankruptcy Rules 1015(b) and Local Rule 1015-1. The Debtor is authorized to operate its business and manage its property as a debtor in possession pursuant to Bankruptcy Code § 1184. The Debtor commenced this Case in good faith and for appropriate purposes and has acted in good faith throughout the duration of the Case. Other than the Subchapter V trustee appointed automatically by statute, no other trustee or examiner has been appointed in this Case. No committee has been appointed in this Case.

D.     **Judicial Notice.** The Court takes judicial notice of the dockets of the Debtors' Cases maintained by the Clerk of the Bankruptcy Court, including all pleadings, proofs of claim, reports, and other documents filed in these Cases, all orders entered in these Cases, all hearing

transcripts in these Cases, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of these Cases.

E.     **Subchapter V Trustee**. On March 2, 2022, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee* [Docket No. 66], appointing Mark Weisbart as the subchapter V trustee pursuant to Bankruptcy Code section 1183(a) and 28 U.S.C. § 586(a)(3).

F.     **Burden of Proof.** Based on the record of the Debtors' Cases: (i) the Debtor has met its burden of proving each element of Bankruptcy Code § 1191 and applicable elements of §1129 by a preponderance of the evidence; (ii) the Debtor has complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules with respect to the Plan and its solicitation of votes on the Plan, including, without limitation, Bankruptcy Rule 2002; and (iii) the Plan satisfies all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, including, without limitation, Bankruptcy Code §§ 1122, 1123, 1129 and 1191.

G.     **Solicitation Order.** On May 4, 2022, the Court entered its *Order (I) Scheduling a Plan Confirming Hearing; (II) Approving the Solicitation Packages and Procedures; (III) Approving the Form of Ballots, Notices, and Other Solicitation Materials; (V) and Granting Related Relief* [Docket No. 153] (the "**Solicitation Order**"), which, among other things:

    i.     granted the Debtor's *Emergency Motion for Entry of an Order (I)) Scheduling a Plan Confirmation Hearing; (II) Approving the Solicitation Packages and Procedures; (III) Approving the Form of Ballots, Notices, and Other Solicitation Materials; and (IV), Granting Related Relief* [Docket No. 146] (the "**Motion for Solicitation Approval**") filed on May 29, 2022;

    ii.    established **June 1, 2022 at 5:00 p.m. CT** as the deadline for parties to object to confirmation of the Plan (the "**Objection Deadline**");

    iii.   established **June 1, 2022 at 5:00 p.m. CT** as the deadline for parties to submit Ballots (defined below) accepting or rejecting the Plan (the "**Voting Deadline**");

iv.    approved the form of the *Notice of (I) Confirmation Hearing, and (II) Deadline to Object to Debtor's Plan of Liquidation* attached to the Motion for Solicitation Approval as <u>Exhibit B</u> (the "**Hearing Notice**");

v.    approved the form of *Non-Voting Status Notice With Respect to Unimpaired Classes Presumed to Accept the Subchapter V Plan of Liquidation for Debtor North Richland Hills Alamo, LLC* attached as <u>Exhibit C</u> to the Motion for Solicitation Approval and approved the form of *Non-Voting Status Notice With Respect to Impaired Classes Presumed to Reject the Subchapter V Plan of Liquidation for Debtor North Richland Hills Alamo, LLC* attached to the Motion for Solicitation Approval as <u>Exhibit D</u> (collectively, the "**Non-Voting Status Notices**"), including the Opt-Out Forms attached to each Non-Voting Status Notice for the purpose of enabling parties to "opt out" of the Plan's Non-Debtor Release (as defined below) provisions (the "**Opt-Out Form**");

vi.    approved the form of the *Ballot for Voting to Accept or Reject the Subchapter V Plan of Liquidation for Debtor North Richland Hills Alamo, LLC* attached to the Motion for Solicitation Approval as <u>Exhibit E</u> (the "**Ballot**");

vii.    established procedures for the Debtor's solicitation of votes on the Plan; and

viii.    scheduled the Confirmation Hearing.

H.    <u>**Solicitation and Tabulation.**</u> On or about May 6, 2022, in accordance with applicable sections of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Solicitation Order and all other applicable laws in connection therewith, the Debtor caused Omni to transmit and serve solicitation materials, including a copy of the Plan, the Hearing Notice, where appropriate the Non-Voting Status Notices, the Opt-Out Forms, and the Ballot (collectively the "**Solicitation Package**") on the Holders of Claims and Interests under the Plan. Under Bankruptcy Code section 1126(f), Debtor was not obligated to solicit votes from Holders of Claims and Interests that are not Impaired and deemed to accept the Plan and, the Court finds that Classes 1 and 2(a) are not Impaired under the Plan, and, thus, deemed to have accepted the Plan. As further evidenced by and described in the Solicitation Certificates and Ballot Declaration, the Debtor's service of the Solicitation Packages and other Plan solicitation efforts (collectively, the "**Solicitation**") was conducted in good faith and in compliance with the Bankruptcy Code, the

FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC    6

83756455.2

Bankruptcy Rules, the Local Rules, the Solicitation Order, and all other applicable non-bankruptcy rules, laws, and regulations applicable to the Solicitation. Transmittal, and service of the Solicitation Packages was due, proper, adequate, timely, appropriate, and sufficient under the circumstances with respect to all Claimants and parties in interest in these Cases.

I.      **Voting and Results.** All procedures used to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations. Classes 2(b), 3, 4 and 5 are Impaired under the Plan, and Classes 2(b) and 3 were entitled to cast Ballots with respect to voting on the Plan. As described in the Ballot Declaration, Classes 2(b) and 3 have each voted to accept the Plan in the numbers and amounts required by Bankruptcy Code § 1126. Classes 1 and 2(a) are deemed to accept the Plan, and Classes 4 and 5 deemed to reject the Plan.

J.      **Compliance with Bankruptcy Rule 3016(a).** The Plan is dated and identifies the Debtor as the Plan proponent, thereby satisfying Bankruptcy Rule 3016(a). The Debtor appropriately filed the Plan with this Court, thereby satisfying Bankruptcy Rule 3016(b). The discharge, release, injunction, and exculpation provisions of the Plan are set forth in bold and with specific and conspicuous language, thereby complying with Bankruptcy Rule 3016(c). The Court finds that each release, exculpation, and injunction provision set forth in the Plan is: (i) essential to the implementation of the Plan pursuant to Bankruptcy Code section 1123(a)(5) and warranted by the circumstances of the Case; (ii) an integral element of the Plan; (iii) the product of an arms-length transaction and a critical element of obtaining the support of the various constituencies for Plan support; (iv) supported by consideration; (v) fair, equitable, and in the best interests of Debtor's Estate and creditors; (vi) of critical importantance to the overall objectives

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC**                    7

83756455.2

of the Plan, including without limitation, the final resolution of claims against or among key parties in the Case; and (vii) consistent with Bankruptcy Code sections 105, 1123, 1129, 1191 and other applicable provisions of the Bankruptcy Code.

K. **Solicitation**.

i. After notice and hearing on the Motion for Solicitation Approval, the Court entered the Solicitation Order approving all Solicitation Package materials. Service of the Solicitation Packages was made in compliance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. All Solicitation Packages were served at least twenty-eight (28) days prior to the Objection Deadline.

ii. **Good Faith Solicitation.** Based on the record before the Court in this Case, the Debtor and its Professionals -- including each of their respective current officers, directors, employees, and managers, as of the date of this Order -- and all other Persons involved in the Solicitation process have acted in good faith and in compliance with the Solicitation Order and with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the development of the Plan and in connection with all of their respective activities arising out of or relating to (i) the administration of this Case, (ii) the preparation, development, and solicitation of acceptances of the Plan, (iii) the pursuit of confirmation of the Plan, (iv) the funding of the Plan, (v) the consummation of the Plan, and (vi) the administration of the Plan and the property to be distributed under the Plan, and therefore are entitled to the same form and type of protections that would be afforded by Bankruptcy Code § 1125(e) if the Court had ordered § 1125 to be applicable to the Case. *See* 11 U.S.C. § 1181(b) (§ 1125 not applicable to subchapter V case unless ordered otherwise).

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC**

83756455.2

8

L.    **Compliance with Bankruptcy Code §§ 1122 and 1123.**

i.    **Proper Classification - § 1122.** Article III of the Plan provides for the separate classification of Claims against and Interests in the Debtor based upon differences in the legal nature and/or priority of such Claims and Interests. The Plan designates the following Classes of Claims and Interests:

- Class 1 - Priority Non-Tax Claims
- Class 2a – Other Secured Claims
- Class 2b – Prepetition BTH Secured Claims
- Class 3 – General Unsecured Claims
- Class 4 - Intercompany Claims
- Class 5 – Equity Interests

This classification scheme complies with Bankruptcy Code § 1122(a) because the Claims or Interests in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the Classes of Claims and Interests under the Plan; such classifications were not done for any improper purpose; and such classifications do not unfairly discriminate between the holders of Claims or Interests.

ii.    **Designation of Classes of Claims and Interests - § 1123(a)(1).** The Plan complies with Bankruptcy Code § 1123(a)(1) in that Article VI designates the various Classes of Claims and Interests under the Plan, as further set forth in the preceding paragraph.

iii.    **Specify Unimpaired Classes - § 1123(a)(2).** The Plan complies with Bankruptcy Code § 1123(a)(2) in that Section Article VII of the Plan designates Classes that are Unimpaired. Unimpaired and Impaired Classes are further designated in the chart in Section 7.02 of the Plan.

Finding of Fact, Conclusions of Law, and Order Confirming Subchapter V Plan of Liquidation for Debtor North Richland Hills Alamo, LLC    **9**

83756455.2

iv. **Specify Treatment of Impaired Classes - § 1123(a)(3).** The Plan complies with Bankruptcy Code § 1123(a)(3) in that Article VII of the Plan clearly explains the treatment for each Class of Claims and Interests under the Plan, including Impaired Classes.

v. **No Discrimination - § 1123(a)(4).** The Plan complies with Bankruptcy Code § 1123(a)(4) in that all Claims or Interests, as applicable, within a particular Class are treated the same as all other Claims or Interests within such Class (without regard to any rights a Claimant may hold against third parties), unless the holder of a particular Claim or Interest has agreed to less favorable treatment of its Claim or Interest.

vi. **Adequate Means of Implementation - § 1123(a)(5).** The Plan complies with Bankruptcy Code § 1123(a)(5) in that Article IX of the Plan provides in detail the means for implementation of the Plan. Specifically, Article IX explains, among other things, that: (i) the Plan will be funded with Available Cash, which is from the Liquidation Funding; (ii) the Debtor's remaining Assets (excluding the FF&E) will vest in the Post-Effective Date Debtor free and clear of Liens, Claims, and Causes of Action; and (iii) the Debtor's directors, officers, and managers will be eliminated and the Plan Administrator will oversee the Post-Effective Date Debtor and Wind-Down.

vii. **Prohibition on Issuance of Non-Voting Securities - § 1123(a)(6).** The Plan complies with Bankruptcy Code § 1123(a)(6) in that, except with respect to the issuance of a single Interest to be held by the Plan Administrator for purposes of managing the Post-Effective Date Debtor and administering the Wind-Down, the Plan does not contemplate the issuance of any Interests in the Debtor and the holders of Interests are not entitled to vote on the Plan. Section 7.08 of the Plan provides for all Interests to be cancelled and extinguished upon the Effective Date, save

and except for a single Interest to be held by the Plan Administrator for purposes of managing the Post-Effective Date Debtor and administering the Wind-Down.

        viii.    **Directors and Officers - § 1123(a)(7)**. The Plan complies with Bankruptcy Code § 1123(a)(7) in that the Post-Effective Date Debtor will exist solely for the limited purposes of winding up and dissolving under the Plan. All of the Debtor's directors, officers, and managers will be terminated and eliminated as of the Effective Date without any further corporate action, notice, or order of the Court, at which point the Post-Effective Date Debtor will be managed exclusively by the Plan Administrator pursuant to the Plan, this Confirmation Order and Plan Administrator Agreement. David Lynch will serve as the initial Plan Administrator. The Plan is consistent with the interests of Claimants and with public policy.

        ix.    **Payments to Creditors - § 1123(a)(8).** Bankruptcy Code § 1123(a)(8) is inapplicable in that the Debtor is not an individual, and it is not applicable under Bankruptcy Code § 1181(a).

        x.    **Permissive Plan Provisions - § 1123(b).** All of the Plan's provisions are consistent with Bankruptcy Code § 1123(b), including, without limitation, the following:

       •    <u>Impaired and Unimpaired Claims/Interests</u>. In accordance with Bankruptcy Code § 1123(b)(1), the Plan Impairs certain Classes of Claims and Interests and leaves other Classes Unimpaired. Classes 1 and 2(a) are Unimpaired, and Classes 2(b), 3, 4, and 5 are Impaired. The Plan's modification of the rights of holders of Impaired Claims and Interests complies with Bankruptcy Code § 1123(b)(5).

       •    <u>Debtor Release</u>. Section 13.05 of the Plan effects a release of the Released Parties from any Claims and Causes of Action held by the Debtor, the Estate, or the Post-Effective Date Debtor that arose prior to the Effective Date (subject to and as more fully set forth in Section

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC**    **11**

83756455.2

13.11 of the Plan, the "**Debtor Release**"). The Debtor Release does not release any party from Claims or Causes of Action determined by Final Order to be the result of fraud, gross negligence, or willful misconduct. The Debtor Release is critical to the successful implementation and confirmation of the Plan; the Debtor Release is supported by consideration and is fair, reasonable, and in the best interests of the Debtor and Estate; and the Debtor Release is appropriate under the circumstances of this Case. Specifically, with respect to the NRH Landlord and BTH releases, the Debtor Release was negotiated in good faith in connection with the treatment of the BTH Prepetition Secured Claim and NRH Landlord claims under the Plan and the support for the Plan by BTH and the NRH Landlord. The Debtor Release constitutes a valid exercise of the Debtor's business judgment in this Case and is permissible under Bankruptcy Code § 1123(b) and applicable law.

- Non-Debtor Release. The Plan effects a release of the Debtor, the Estate, and the Released Parties from any Claims and Causes of Action held by the Releasing Parties that arose prior to the Effective Date (subject to and as more fully set forth in Section 13.06 of the Plan, the "**Non-Debtor Release**", and collectively with the Debtor Release, the "**Releases**"). The Non-Debtor Release does not release any party from Claims or Causes of Action determined by Final Order to be the result of fraud, gross negligence, or willful misconduct. The Non-Debtor Release was conspicuously noticed in the Plan, Ballots, and Non-Voting Status Notices. All holders of Claims or Interests (including holders of Administrative Claims and Priority Tax Claims) were given the chance to opt out of the Non-Debtor Release by checking the appropriate box on their Ballot or Opt-Out Form. Accordingly, the Non-Debtor Release is consensual and is an integral part of the Plan. The Non-Debtor Release is permissible under Bankruptcy Code § 1123(b) and applicable law.

- <u>Exculpation</u>. The Plan provides for an exculpation limiting the liability of the Exculpated Parties for acts or omissions in connection with this Case, the commencement and administration of this Case, or the negotiation or implementation of the Plan, save and except for acts determined by Final Order to be the result of intentional fraud, criminal conduct, gross negligence, or willful misconduct (subject to and as more fully described in Section 13.04 of the Plan, the "**Exculpation**"). The Exculpation is appropriate and vital because it provides protection to those parties who served as fiduciaries during this Case or made substantial and critical contributions to the Plan. The Exculpation prevents future collateral attacks against those who have worked to maximize the Estate and, therefore, the Exculpation is appropriate and consistent with applicable law. The Exculpation is permissible under Bankruptcy Code § 1123(b) and applicable law.

- <u>Injunction</u>. The Plan permanently enjoins parties from pursuing or enforcing any Claims or Interests that are released or exculpated under the terms of the Plan (as more fully described in Section 13.02 of the Plan, the "**Injunction**"), which is a key component of the Plan necessary to implement the Releases and Exculpation. Without the injunction, the Plan's Release and Exculpation would lose their impact. The Injunction is permissible under Bankruptcy Code § 1123(b) and applicable law.

- <u>Settlement</u>. Pursuant to Bankruptcy Code § 1123 and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, Releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan (including, the Releases, Exculpation, and Injunction) shall constitute a good-faith compromise and settlement of all controversies, Claims, and interests resolved pursuant to the Plan. The Plan is a valid compromise of Claims and Interests and is the product of good faith, arm's-length negotiations with the

Debtor's Creditors, including BTH and the NRH Landlord. The Plan represents the best possible recovery to general unsecured Creditors and other parties in interest under the circumstances. As further set forth herein, the Plan represents a valid compromise that is fair and equitable and in the best interests of the Estate. The Plan's settlement and compromise of Claims and Interest is permissible under Bankruptcy Code § 1123(b) and applicable law.

       xi.     **Plans Proposed by other Parties - § 1123(c).** Bankruptcy Code § 1123(c) is not applicable because a plan cannot be proposed by another party under Bankruptcy Code § 1189(a) and the provision is inapplicable pursuant to Bankruptcy Code § 1181(a).

       xii.     **Amounts Necessary to Cure Defaults - § 1123(d).** The Plan complies with Bankruptcy Code § 1123(d) in that any Executory Contracts or Unexpired Leases assumed by the Debtor under the Plan (if any) will be cured in accordance with Bankruptcy Code § 365(b), the provisions of such contract or lease, and applicable law (or as otherwise agreed to by the Debtor and the counterparty thereto).

       M.     **<u>Compliance with Bankruptcy Code § 1129</u>**.

       i.     Debtor has satisfied and the Plan complies with, all applicable provisions of Bankruptcy Code section 1129(a), to the extent expressly made applicable by Bankruptcy Code section 1191(a), with the exception of Bankruptcy Code section 1129(a)(8). In relation to the two Classes deemed to have rejected the Plan, the Debtor has satisfied the requirements under Bankruptcy Code section 1191(b) because the Plan does not discriminate unfairly and is fair and equitable.

       ii.     **Plan's Compliance with Bankruptcy Code - § 1129(a)(1).** The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC**    **14**

83756455.2

iii.     **Debtor's Compliance with Bankruptcy Code - § 1129(a)(2).** The Debtor has complied with all applicable provisions of the Bankruptcy Code and Bankruptcy Rules in proposing and soliciting votes on the Plan, specifically Bankruptcy Code §§ 1122 and 1123. The Debtor is an eligible debtor under section 109 of the Bankruptcy Code and under Subchapter V. The Debtor has complied with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules in all respects, including in the Solicitation and tabulation of votes on the Plan.

iv.     **Plan Proposed in Good Faith - § 1129(a)(3).** The Debtor has proposed the Plan (and all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from, *inter alia*, the facts and record of these Case, the record made at the Confirmation Hearing, and the other proceedings in this Case. The Plan and the Plan Documents were proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a liquidation of the Debtor. The Plan and Plan Documents were negotiated at arm's-length. Further, the Plan's classification, indemnification, Exculpation, Releases, and Injunction provisions have been negotiated in good faith and at arm's-length. Such provisions are consistent with Bankruptcy Code §§ 105, 1122, 1123(b)(6), 1129, 1191, and 1192; each provision is necessary for the success of the Plan; and none of the Plan's provisions were included for any improper purpose.

v.     **Payment for Services or Costs and Expenses - § 1129(a)(4).** The Plan complies with Bankruptcy Code § 1129(a)(4) in that any payments to be made by the Debtor, Plan Administrator, or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with this Case, or in connection with the Plan and incident

to the Case, is approved by, or subject to the approval of, as applicable, the Bankruptcy Court as reasonable.

      vi.     **Directors, Officers, and Insiders - § 1129(a)(5).** The Debtor has complied with Bankruptcy Code § 1129(a)(5) in that the Plan identifies David Lynch as the Plan Administrator, and the Plan Administrator's powers and duties are clearly set forth in the Plan Supplement and Article X of the Plan. The Plan Administrator's appointment is consistent with the interests of all Claimants and with public policy.

      vii.     **No Rate Changes - § 1129(a)(6).** Bankruptcy Code § 1129(a)(6) is not applicable to the Debtor or the Plan.

      viii.     **Best Interest of Creditors - § 1129(a)(7).** The Plan satisfies Bankruptcy Code § 1129(a)(7) in that, as demonstrated by the liquidation analysis, each holder of an Impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as of the Effective Date, that is at least equal to the amount that such holder would receive or retain if the Debtor's Estate was liquidated under Chapter 7 of the Bankruptcy Code.

      ix.     **Acceptance by Impaired Classes - § 1129(a)(8).** Claims and Interests in Classes 1 and 2(a) are Unimpaired and deemed to accept the Plan pursuant to Bankruptcy Code § 1126(f). Claims in Classes 2(b) and 3 are Impaired under the Plan, and each of those Classes have accepted the Plan in accordance with Bankruptcy Code § 1126(c), as demonstrated by the Ballot Declaration. Intercompany Claims in Class 4 and Equity Interests in Class 5 are Impaired and deemed to reject the Plan pursuant to Bankruptcy Code § 1126(g). Thus, the Plan does not satisfy the requirements of Bankruptcy Code § 1129(a)(8); however, as explained below, such failure is overcome in accordance with Bankruptcy Code § 1191(b).

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC**    **16**

83756455.2

x. **Administrative Claims and Priority Tax Claims - § 1129(a)(9).** The Plan complies with Bankruptcy Code § 1129(a)(9) in that Article V of the Plan provides for all Allowed Administrative Claims and Allowed Priority Tax Claims to be paid in full on the Effective Date or such later date in accordance with the Plan and § 1129(a)(9)(C)-(D), except to the extent that the Claimant agrees to less favorable treatment, and for Professional Fee Claims that are not yet Allowed as of the Effective Date to be paid in full upon allowance by the Bankruptcy Court.

xi. **Acceptance by Impaired Class - § 1129(a)(10).** Bankruptcy Code § 1129(a)(10) is satisfied in that, as described above and in the Ballot Declaration, Classes 2(b) and Class 3 are Impaired and voted to accept the Plan.

xii. **Feasibility- § 1129(a)(11).** Bankruptcy Code § 1129(a)(11) is satisfied in that the Plan provides for the liquidation, Wind-Down, and dissolution of the Debtor. Article IX sets forth a feasible means of implementing the Plan, and the Plan Supplement demonstrates that all Distributions required under the Plan can be paid from the Available Cash. Further, the Wind Down Budget, as an exhibit at the Confirmation Hearing, provides adequate funding to fully implement the Plan.

xiii. **U.S. Trustee Fees - § 1129(a)(12).** Pursuant to § 4(b)(3) of the Small Business Reorganization Act of 2019, 11 U.S.C. § 1129(a)(12) is not applicable to Subchapter V debtors, thus the Debtor need to satisfy this requirement in the Plan.

xiv. **Retiree Benefits - § 1129(a)(13).** Bankruptcy Code § 1129(a)(13) is not applicable to the Plan because the Plan provides for the liquidation of the Debtor and for all of the Debtor's current directors, officers, managers, and employees to be terminated as of the Effective Date.

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC** 17

83756455.2

xv. **Domestic Support Obligations - § 1129(a)(14).** Bankruptcy Code § 1129(a)(14) is not applicable because the Debtor is not an individual and does not have any domestic support obligations.

xvi. **Payments by Individual Debtors - § 1129(a)(15).** Bankruptcy Code § 1129(a)(15) is not applicable because the Debtor is not an individual and 1129(a)(15) does not apply to Subchapter V debtors under 1191(a) of the Bankruptcy Code.

xvii. **Transfers of Property - § 1129(a)(16).** Bankruptcy Code § 1129(a)(16) is not applicable because the Debtor is not a non-profit corporation or trust. However, all transfers of property contemplated by the Plan are to be made in accordance with applicable nonbankruptcy law governing the transfer of property.

xviii. **No Unfair Discrimination; Fair and Equitable - § 1191(b)-(c).** With respect to Classes 4 and 5, the rejecting Classes, the Plan does not unfairly discriminate and is fair and equitable within the meaning of Bankruptcy Code section 1191(b) and (c). In this regard:

(a) Bankruptcy Code section 1191(c)(1) is inapplicable because neither of the rejecting Classes is a Class of secured claims.

(b) Bankruptcy Code section 1191(c)(2) is satisfied because the Plan is a liquidating plan and provides for all projected Disposable Income to be committed towards the making of payments under the terms of the Plan.

(c) Bankruptcy Code section 1191(c)(3) is satisfied because there is a reasonable likelihood that the Debtor will be able to make all payments under the Plan and the Plan provides appropriate remedies to protect Holders of Claims and Interests in the event that Plan payments are not made.

xix. **Purpose of the Plan - § 1129(d).** Bankruptcy Code § 1129(d) is satisfied in that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

xx. **Subchapter V Plan Deadline**. The Plan complies with Bankruptcy Code section 1189 because it was timely filed within the deadline of May 26, 2022.

xxi. **Subchapter V Plan Content**. The Plan complies with Bankruptcy Code section 1190(1) because Articles II and III provide the following mandatory content: (i) a brief history of Debtor's business operations; (ii) a liquidation analysis; and (iii) projections with respect to the Debtor's ability to make payments under the Plan.

N. **Satisfaction of Solicitation and Confirmation Requirements.** All requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules have been satisfied as necessary for confirmation of the Plan.

O. **Plan and Plan Documents.** The Plan Supplement complies with the Bankruptcy Code and the terms of the Plan, and the Debtor provided good, proper, and sufficient notice of the Plan, Plan Supplement, and all other Plan Documents in accordance with the Bankruptcy Code and the Bankruptcy Rules, and no further notice is necessary or required. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan and are hereby approved. Subject to the terms of the Plan and Bankruptcy Code section 1193, the Debtor reserves the right to make alterations, amendments, updates, or modifications to the Plan Supplement and any other Plan Documents before the Effective Date. The Plan Documents, including the Plan Supplement and all Plan exhibits (as may be amended or supplemented) have been negotiated in good faith and are, in the judgment of the Court and the parties, necessary and appropriate to effectuate the Plan. The Plan Documents are essential elements of the Plan, and entry into each such Plan Document is in the best interests of the

Debtor, the Estate, and holders of Claims and Interests. The Debtor has exercised reasonable business judgment in determining to enter into the Plan, and the terms and conditions of the Plan, including the fees, expenses, and other payments set forth therein, have been in good faith and at arm's length, are fair and reasonable, are supported by reasonably equivalent value and fair consideration, and shall, upon completion of documentation and execution, be valid, binding, non-avoidable, and enforceable agreements and not be in conflict with any federal, state, or local law. The Debtor has provided sufficient and adequate notice of the Plan, including each of the Plan Documents, to all parties in interest in the Debtor's Subchapter V Case.

P.    **Sound Business Judgment.** Consummation of the Plan, the transactions contemplated under the Plan, and execution of all Plan Documents is a sound exercise of the Debtor's business judgment. The terms and provisions of the Plan and all Plan Documents are in the best interest of the Debtor, its Estate, and Claimants.

Q.    **Assumption and Rejection.** Each assumption or rejection of an Executory Contract or Unexpired Lease as provided in Article VIII of the Plan shall be legal, valid, and binding upon the applicable Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies all requirements of Bankruptcy Code § 365.

R.    **Exculpation, Releases, and Injunction.** The Releases, Exculpation, and Injunction provisions set forth in Article XIII of the Plan constitute good faith compromises and settlements of the matters covered thereby. Each of the Release, Exculpation, and Injunction provisions set forth in Article XIII of the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334; (ii) is an essential means of implementing the Plan pursuant to Bankruptcy Code § 1123(a)(5); (iii) is an integral element of the resolution of the Subchapter V Case, and

implementation of the Plan, in accordance with the Plan and the failure to effect such provision would seriously impair the Debtor's ability to confirm the Plan; (iv) confers material benefits on, and is in the best interests, of the Debtor, the Debtor's Estate, and Claimants; (v) is, *inter alia*, supported by extensive consideration; (vi) is important to the overall objectives of the Plan to finally resolve all Claims and Interests among or against the parties in interest in the Subchapter V Case with respect to the Debtor; (vii) is fair, equitable, reasonable, and in the best interests of the Debtor and their Estate, Creditors, and Interest holders; and (viii) is consistent with Bankruptcy Code §§ 105, 1123, and 1191 and other applicable sections of the Bankruptcy Code and Bankruptcy Rules. The record of the Confirmation Hearing and the Subchapter V Case is sufficient to support the Releases, Exculpation, and Injunction provisions contained in Article XIII of the Plan. Accordingly, this Court finds that the Exculpation, Injunction, and Releases are consistent with the Bankruptcy Code and applicable law.

S. **Consensual Non-Debtor Releases.** The Non-Debtor Release described in Section 13.06 of the Plan is a consensual third-party release and constitutes an integral component of the Plan. The Plan provides that: (i) parties entitled to vote on the Plan may affirmatively opt out of the Non-Debtor Releases by voting to reject the Plan and checking the appropriate box on their Ballot to opt out of the Releases; and (ii) parties not entitled to vote on the Plan may affirmatively opt out of the Non-Debtor Releases by checking the appropriate box on the Opt Out Form included with their Non-Voting Status Notice.

i. **Parties Entitled to Vote on the Plan**. The Ballots clearly and explicitly stated that, in order to avoid being deemed a Releasing Party, parties were required to timely vote to reject the Plan and check the opt out box on their Ballot; the Ballots included the full text of the Non-Debtor Releases set forth in Section 13.06 of the Plan; and both the Plan and the Ballots conspicuously stated that parties are deemed to provide the Non-Debtor Release unless they opted out. Thus, all parties entitled to vote on the Plan were given due and adequate notice that voting to accept the Plan (or otherwise failing to reject the Plan and opt out of the Non-Debtor Releases) constituted consent to the Non-Debtor Release. All

parties who voted to accept the Plan, and all parties whose vote was solicited but did not return a Ballot return a Ballot rejecting the Plan and opting out of the Non-Debtor Release, have manifested their consent to, and are contractually bound by, the Non-Debtor Release, including, without limitation, releases of claims against non-debtors to the extent set forth in Section 13.06 of the Plan.

ii.        **Parties Not Entitled to Vote on the Plan**. The Non-Voting Status Notices clearly and explicitly stated that, in order to avoid being deemed a Releasing Party, parties were required to timely submit the Opt Out Form included with their Non-Voting Status Notice checking the box to opt out of the Non-Debtor Release; the Non-Voting Status Notices included the full text of the Non-Debtor Releases set forth in Section 13.06 of the Plan; and both the Plan and the Non-Voting Status Notices conspicuously stated that parties are deemed to provide the Non-Debtor Release unless they opted out. Thus, all parties not entitled to vote on the Plan were given due and adequate notice that failing to submit the Opt Out Form opting out of the Non-Debtor Releases constituted consent to the Non-Debtor Release. All parties not entitled to vote on the Plan that did not return an Opt Out Form opting out of the Non-Debtor Release have manifested their consent to, and are contractually bound by, the Non-Debtor Release, including, without limitation, releases of claims against non-debtors to the extent set forth in Section 13.06 of the Plan.

Furthermore, the Debtor and Released Parties compensated Claimants for the Non-Debtor Release

with adequate consideration, including, without limitation by providing substantial contributions

to the Subchapter V Case and the Plan.[5] Without such substantial contributions, a successful

liquidation and confirmation of the Plan would not be possible. The substantial contributions by

the Debtor and Released Parties have thus ultimately resulted in the Debtor being able to submit

the Plan, which provides for efficient and timely Distributions to be made to Creditors.

Additionally, the Non-Debtor Release: (i) constitutes a good-faith Settlement and compromise of

the Claims and Causes of Action released by the Non-Debtor Release; (ii) is in the best interests

of the Debtor and its Estate; (iii) is fair, equitable, and reasonable; (iv) is given and made after due

---

[5] The substantial contributions of the Released Parties include, without limitation, (i) the Liquidation Funding from the Management Company in the total amount of $500,000.00; and (ii) a complete release of the Intercompany Claims as defined in the Plan. The substantial contributions of the Debtor Related Persons include, without limitation: (i) performance of all necessary acts to administer the Estate, implement the Plan, and effect an orderly Wind-Down of the Debtor; (ii) timely and cost-efficient payment and resolution of all outstanding Claims; and (iii) waiver of any fee for the services performed in the Wind-Down in exchange for the releases. The Non-Debtor Release is a critical incentive for these substantial contributions.

notice and opportunity for hearing; (v) is narrowly tailored; and (vi) is a bar to any Claims or Causes of Action released by the Non-Debtor Release against any of the Released Parties. The consensual releases provided for in the Plan do not violate applicable law.

T. **Exculpation.** The Exculpation provisions set forth in Section 13.04 of the Plan are essential to the Plan. The record in the Subchapter V Case fully supports the Exculpation and the provisions set forth in Section 13.04 of the Plan, which are appropriately tailored to protect the Exculpated Parties from inappropriate litigation. The exculpation provisions provided in the Plan do not violate applicable law.

U. **Injunction.** The Injunction provisions set forth in Sections 13.02, 13.03 and 13.11 of the Plan are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the Debtor Release, the Non-Debtor Release, and the Exculpation, and the Injunction provisions are appropriately tailored to achieve those purposes. Any dispute regarding the scope or application of the Releases contained in the Plan shall be brought before the Bankruptcy Court or such court as the Bankruptcy Court may direct. The injunction provisions provided in the Plan do not violate applicable law.

V. **Settlement of Claims and Interests.** The settlements and compromises of Claims and Interests contained in (or incorporated into) the Plan (each such settlement and compromise, a "**Settlement**," and collectively, the "**Settlements**"), are necessary to, and are an integral and essential element of, the Plan and its consummation, and the terms and conditions of such Settlements are fair and reasonable under the circumstances. The performance of the terms thereof is authorized, and the parties are directed to consummate the same. The Settlements are the product of arm's-length negotiation, and have been proposed in good faith, for legitimate business purposes, are supported by reasonably equivalent value and fair consideration and reflect the

Debtor's exercise of reasonable business judgment. Entry into the Settlements and consummation of the same is in the best interests of the Debtor, its Estate, its Creditors, and Interest holders. The Debtor has provided all interested parties with sufficient and adequate notice of, and an opportunity to object and to be heard with respect to, any and all Settlements. The terms and provisions of the Settlements are approved pursuant to this Order.

W.     **Enforceability of the Plan.** Except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Order, the Plan will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtor, the Debtor Related Persons, the Post-Effective Date Debtor, and their advisors, attorneys, employees, agents, and representatives, and the Plan Administrator and its advisors, attorneys, employees, agents, and representatives will be acting in good faith if they proceed to (i) consummate, implement and proceed in furtherance of the Plan and the agreements, the Settlement, transactions, transfers and documentation contemplated thereby and (ii) take any actions authorized and directed by this Order.

X.     **Objections.** All parties and parties-in-interest have had a full and fair opportunity to file objections to confirmation of the Plan and to litigate any such objections. No objections were filed to the Plan.

Based upon the foregoing, all requirements for confirmation of the Plan - whether set forth in the Bankruptcy Code, Bankruptcy Rules, Local Rules, or otherwise - have been satisfied, and the Plan shall be confirmed. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     **CONFIRMATION OF PLAN.** The Plan is hereby **CONFIRMED** in each and every respect pursuant to Bankruptcy Code §§ 1191 and 1129, as applicable. Any modifications to

*FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC*     **24**

83756455.2

the Plan are hereby approved and incorporated into and made an integral part of the Plan. Each and every provision of the Plan is incorporated by reference into, and is made an integral part of, this Order as if the Plan were set forth in its entirety in this paragraph. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent. The failure to specifically include or refer to any particular section or provision of the Plan or the Plan Documents in this Order shall not diminish or impair the effectiveness or enforceability of such section or provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by reference. The Court finds that the amendments to the Plan since its filing are non-material and *de minimis* changes that do not require re-notification or re-balloting, and don't substantively alter the Plan's treatment of creditors or parties in interest.

2. **APPROVAL OF PLAN DOCUMENTS.** All of the Plan Documents are hereby authorized and **APPROVED**. The form, terms, and provisions of the Plan Documents shall constitute legal, valid, binding and authorized obligations of the respective parties thereto, enforceable in accordance with its terms. The terms and provisions of the Plan Documents are incorporated by reference into, and are made an integral part of, this Order as set forth entirely in this paragraph. Subject to the terms of the Plan (including all consent rights provided therein), the Debtor reserves the right to alter, amend, update, or modify the Plan Documents prior to the Effective Date.

3. **SOLICITATION AND NOTICE.** Notice of the Confirmation Hearing and the Debtor's Solicitation of votes on the Plan complied with the terms of the Solicitation Order, were appropriate and satisfactory based upon the circumstances of the Debtor's Subchapter V Case, and

*FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC*                                                                                    **25**

83756455.2

were in compliance with the provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

4. **OBJECTIONS.** No formal objections were filed in opposition to confirmation of the Plan. All informal objections or other responses or reservations of rights with respect to the Plan or confirmation of the Plan that have not been withdrawn, waived, settled or otherwise resolved under the terms of this Order shall be, and hereby are, overruled on the merits and denied for all purposes.

5. **ORDER EFFECTIVE IMMEDIATELY.** Notwithstanding the provisions of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, or otherwise, this Order and all terms and provisions hereof shall be effective immediately upon entry. The Debtor, the Debtor Related Persons, the Post-Effective Date Debtor, and their advisors, attorneys, employees, agents, and representatives, and the Plan Administrator and its advisors, attorneys, employees, agents, and representatives shall be acting in good faith if they proceed to immediately (a) consummate the Plan and the agreements, the Settlement, transactions, transfers and documentation contemplated thereby and (b) take any actions authorized and directed by this Order, including commencing Distributions.

6. **SUBSTANTIAL CONSUMMATION.** The Plan shall be deemed substantially consummated as of the Effective Date under Bankruptcy Code §§ 1101 and 1193(b).

7. **Discharge**. Because the Plan is a plan of liquidation, the Debtor will not engage in business after the Effective Date of the Plan, and the Debtor would not be entitled to a discharge under Bankruptcy Code section 727(a) if the Case were a case under chapter 7 of the Bankruptcy Code, then pursuant to Bankruptcy Code section 1141(d)(3), the Debtor shall not receive a discharge pursuant to Bankruptcy Code section 1141(d)(1)(A).

8. **Modification after Confirmation**. Debtor may modify the Plan at any time within the Commitment Period, but such modified plan shall become the Plan only if circumstances

warrant and the Court, after notice and a hearing, confirms such proposed modifications under Bankruptcy Code sections 1191 and 1193, provided that such modifications will not alter the treatment of the FF&E after the Effective Date.

9. **BINDING EFFECT.** In accordance with Bankruptcy Code § 1141 and 1192, and immediately upon entry of this Order, the provisions of the Plan (including the Plan Documents) and this Order shall be, and hereby are, binding upon any past, present, or future Claimant, including counterparties to the Debtor's Executory Contracts and Unexpired Leases, whether or not such Claimant is Impaired under the Plan, whether known or unknown, and whether or not such Claimant has accepted the Plan. The terms of the Plan (including all consent rights provided therein), all exhibits thereto, all Plan Documents, and all other relevant and necessary documents shall be effective and binding as of the Effective Date, and the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. Subject to the terms of the Plan and this Order, all prior orders of this Court entered in these Cases, all documents and agreements executed by the Debtor as authorized and directed thereunder, and all motions or requests for relief by the Debtor pending before the Court as of the Effective Date shall be, and hereby are, binding on and shall inure to the benefit of the Plan Administrator and Post-Effective Date Debtor. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan and the Plan Documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

10. **PLAN ADMINISTRATOR.** David Lynch is hereby approved as the Plan Administrator and is hereby authorized to take any and all actions contemplated of the Plan Administrator under this Order, the Plan, and/or the Plan Administrator Agreement, subject to the terms thereof (including, without limitation, all acts to implement the Plan set forth in Article IX of the Plan).

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC** 27

83756455.2

The Plan Administrator shall have all powers and duties (and all rights and privileges) set forth in Article X of the Plan and the Plan Administrator Agreement. Upon the Effective Date, pursuant to Section 9.08 of the Plan: (a) the positions of the current Governors of the Debtor shall be eliminated, and each Governor shall be terminated (without the necessity of further action); and (b) to the fullest extent permitted by applicable law, the rights, powers, and duties of the Governors of the Debtor that has a Governor shall vest in the Plan Administrator, who shall serve as the sole officer and director of each Post-Effective Date Debtor after the Effective Date. David Lynch, as the Plan Administrator, shall be the sole officer, director, and manager, of the Post-Effective Date Debtor.

11.     **PLAN CLASSIFICATION CONTROLLING.** The classification of Claims and Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan.

12.     **VESTING OF ASSETS.** As of the Effective Date, pursuant to Bankruptcy Code § 1141(b) and (c), and in accordance with Section 9.07 of the Plan, the Assets shall vest in the Post-Effective Date Debtor free and clear of all Claims, Liens, Causes of Action, encumbrances, charges, and other interests, except with respect to FF&E which shall vest in the NRH Landlord free and clear of all Claims, Liens, Causes of Action, encumbrances charges and other interest on the Effective Date.

13.     **RETENTION OF CAUSES OF ACTION/RESERVATION OF RIGHTS.** Subject to the terms of the Plan, and except to the extent not otherwise released by the Plan, all of the Debtor's Claims and Causes of Action against third parties, including, without limitation, Avoidance Actions (collectively, "**Actions**"), shall survive Confirmation and the commencement of prosecution of Actions shall not be barred or limited by any res judicata or estoppel, whether

judicial, equitable or otherwise, based on, *inter alia*, confirmation of the Plan or the extent to which the Plan, Schedules of Assets and Liabilities, or Statements of Financial Affairs identify any Actions or Causes of Action. The Plan Administrator and Post-Effective Date Debtor's right to commence and prosecute Actions not otherwise released by the Plan shall not be abridged or materially altered in any manner by reason of confirmation of the Plan.

14. **CASE ADMINISTRATION.** From and after the Effective Date and continuing through the date that a Final Decree closing these Case is entered under Bankruptcy Code § 350 and Bankruptcy Rule 3022, the Plan Administrator will possess the rights of the Debtor for all matters arising in, arising under or related to this Subchapter V Case, as further set forth in the Plan Administrator Agreement. In addition to, and without limiting the generality of the foregoing, for all matters arising in, arising under or related to this Subchapter V Case, the Plan Administrator will: (a) have the right to appear and be heard on matters brought before the Bankruptcy Court or other courts of competent jurisdiction; (b) have the right to obtain records of, or related to, the Debtor (including, without limitation, financial records, tax returns, bank statements and cancelled checks), and the entities from which such records may be requested are hereby authorized and directed to produce such records to the Plan Administrator; (c) be entitled to notice and opportunity for hearing; (d) be entitled to participate in all matters brought before the Bankruptcy Court, including, but not limited to, adversary proceedings; (e) have exclusive standing to commence Actions not otherwise released by the Plan; (f) be entitled to request the Bankruptcy Court to enter a Final Decree closing the Subchapter V Case; (g) be entitled to receive notice of all applications, motions and other papers and pleadings set before the Bankruptcy Court in this case; and (h) have all other rights, privileges, and protections set forth in the Plan Administrator Agreement and the Plan.

15.     **PROPERTY OF THE DEBTOR.** Upon the Effective Date, the Plan Administrator is granted express authority to convey, transfer, and assign any and all property of the Debtor consistent with the terms of the Plan and Plan Administrator Agreement, and to take all actions necessary to effectuate the same.

16.     **DISSOLUTION OF DEBTOR.** Upon the Effective Date, as set forth in Section 9.09 of the Plan, the Plan Administrator shall complete the Wind-Down as expeditiously as practicable without the necessity for (a) any other or further actions to be taken by or on behalf of such Post-Effective Date Debtor or (b) any payments to be made in connection therewith subject to the filing of a certificate of dissolution with the appropriate Governmental Unit. Subject to the terms of the Plan and the Plan Administration Agreement, the Plan Administrator may take all appropriate or necessary actions to dissolve the Debtor and complete the Wind-Down at any time following the Effective Date, notwithstanding whether any Distributions or Budgeted Expenses remain to be paid under the Plan, if the Plan Administrator finds the same to be in the best interests of the Estate and Claimants.

17.     **NOTICE OF CONFIRMATION AND EFFECTIVE DATE.** Within four (4) Business Days after the Effective Date, the Post-Effective Date Debtor shall File a notice advising of (a) the entry of this Order; (b) the occurrence of the Effective Date; (c) the last date to File Professional Fee Claims; and (d) the last date to File Rejection Claims arising from the rejection of any Executory Contracts or Unexpired Leases pursuant to Section 14.04 of the Plan (the "**Notice of Effective Date**"). The Post-Effective Date Debtor shall serve the Notice of Effective Date via regular U.S. mail, postage prepaid, upon all parties set forth on the master mailing matrices for both of the Cases, and such service shall be sufficient to apprise all parties in interest of the applicable Claims Bar Dates and all other information contained in the Notice of Effective Date.

18. **ADMINISTRATIVE CLAIMS.**

(a) **Administrative Claims Bar Date.** Any and all Administrative Claims shall be Filed by no later than thirty (30) days after the Effective Date (the "**Administrative Claims Bar Date**"). Any requests for allowance and payment of Administrative Claims shall be served upon the Plan Administrator, the Debtor's counsel, the U.S. Trustee, and all other parties required under the Bankruptcy Rules or Local Rules by no later than Administrative Claims Bar Date and shall, at a minimum, set forth the name of the holder, amount, and basis for the alleged Administrative Claim. Any and all Administrative Claims shall be forever barred, disallowed, and discharged pursuant to the Plan unless (i) requests for such Administrative Claims are Filed and served prior to the Administrative Claims Bar Date and (ii) such Administrative Claims are thereafter Allowed pursuant to a Final Order of this Court. All objections to Other Administrative Claims shall be filed within thirty (30) days after the Filing of the request for such Other Administrative Claim.

(b) **Payment.** Except to the extent that a holder of an Allowed Administrative Claim consents to different treatment, each holder of an Allowed Administrative Claim shall receive, on account of and in full satisfaction of such Allowed Administrative Claim, Cash in an amount equal to the Allowed amount of such Administrative Claim in accordance with the Plan.

19. **PROFESSIONAL FEE CLAIMS.** Each Professional holding a Professional Fee Claim that has not previously been Allowed shall File a final fee application for allowance and payment of such Professional Fee Claim (a "**Fee Application**") no later than forty-five (45) days after the Effective Date, any Fee Application not timely filed will be disallowed without further order of the Court. All Fee Applications shall conform to and comply with all applicable rules and regulations contained in the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Any

objections to a Fee Application shall be Filed within fourteen (14) days after the Filing of such Fee Application. Allowed Professional Fee Claims shall be paid in accordance with and pursuant to section 5.03 of the Plan. For the avoidance of doubt, no Professional Fee Claim for Debtor Iced Tea needs to be filed by the applicable deadline in this Case.

20. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Pursuant to Article VIII of the Plan, each Debtor is hereby deemed to have rejected, as of the Effective Date, each Executory Contract or Unexpired Lease that is not an assumed or that was not previously assumed, assumed and assigned, or rejected pursuant to an Order of the Bankruptcy Court. This Order shall constitute approval, pursuant to Bankruptcy Code §§ 365(a) and 1123(b) of (i) the assumption, assumption and assignment, or rejection of Executory Contracts and Unexpired Leases as provided in the Plan and (ii) the rejection of Executory Contracts and Unexpired Leases pursuant to Article VIII of the Plan. Such assumption or rejection shall be legal, valid, and binding upon the applicable Post-Effective Date Debtor and all counterparties to such Executory Contracts or Unexpired Leases, and satisfies all requirements of Bankruptcy Code § 365.

21. **REJECTION CLAIMS.** Unless a Proof of Claim is timely Filed on or before Rejection Claims Bar Date, all Rejection Claims for which a Proof of Claim is not timely Filed on or before Rejection Claims Bar Date are forever barred, disallowed, and discharged pursuant to this Order. Any objections to a timely-Filed Rejection Claim shall be filed by the Claims Objection Deadline. If an objection to a Rejection Claim is timely Filed, such Rejection Claim shall only become an Allowed Claim upon Final Order of the Bankruptcy Court.

22. **DISTRIBUTIONS.** All Distributions shall be made in accordance with Plan. The Debtor, Post-Effective Date Debtor, and Plan Administrator, as applicable, are hereby authorized to make any and all Distributions contemplated under the Plan and pay any and all Budgeted

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC** 32

83756455.2

Expenses set forth in the Wind-Down Budget, as maybe amended. No Distributions shall be made on account of any Claim that is not Allowed in accordance with the terms of the Plan and/or this Order.

23. **DISTRIBUTION RECORD DATE.** The Distribution Record Date shall be the Effective Date. Neither the Debtor, Post-Effective Date Debtor, nor the Plan Administrator shall have any obligation to recognize any transfer of Claims or Interests after the Distribution Record Date and shall instead be entitled to rely upon the Claims Registers as of the Effective Date for all purposes related to Distributions under the Plan for General Unsecured Claims.

24. **GENERAL AUTHORIZATION.** Upon the Effective Date, all actions contemplated under the Plan shall be deemed authorized and approved in all respects without any further action by any person or entity or any further Order of this Court.

25. **GOVERNMENTAL APPROVALS NOT REQUIRED.** Except as otherwise provided herein, this Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

26. **FILING AND RECORDING.** This Order: (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan; and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may

be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law, including, but not limited to, the transfer of any FF&E, Assets or Available Cash pursuant to the Plan.

27.     **EXEMPTION FROM TRANSFER TAXES.** Pursuant to Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax. All transactions consummated by the Debtor and approved by the Court on and after the Petition Dates through and including the Effective Date, including the transfers effectuated under the Plan, and the assumption, assignment, and sale by the Debtor of Executory Contracts and Unexpired Leases pursuant to Bankruptcy Code § 365(a), shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

28.     **EXCULPATION, RELEASES, AND INJUNCTION.** As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan, the

Exculpation, Releases, and Injunction embodied in the Plan, including those contained in Sections 9.05(a) (Mutual Release of Debtor and the NRH Landlord), 9.05(b) (Mutual Release of NRH Landlord and BTH Bank), 9.05(c) (Debtor Release of BTH Bank), 13.05 (Releases by the Debtor), 13.06 (Releases by Releasing Parties), 13.04 (Exculpation), and 13.02, 13.03, and 13.07 (Injunctions), of the Plan are hereby approved as set forth in the Plan. The Court finds that all releases, exculpations, injunctions and provisions in the Plan contained in the Plan were not objected and no parties opted out of the releases in Section 13.06 and thus, all releases, injunctions and exculpation are consensual and deemed consensual and are thus allowed and are not in contravention of applicable law and precedent.

29. **SETTLEMENT OF CLAIMS AND INTERESTS.** Pursuant to Bankruptcy Code § 1123 and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, Releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan (including, without limitation, the Releases, Exculpation, and Injunction) shall constitute a good-faith compromise and settlement of all controversies, Claims, and Interests resolved pursuant to the Plan. The global Settlement of Claims and Interests set forth in the Plan and all other Settlements under the Plan and this Order, are hereby approved pursuant to Bankruptcy Code § 1123(b) and Bankruptcy Rule 9019. The parties are authorized and directed to take such other actions as may be necessary to effectuate the same, and perform all obligations contemplated thereby.

30. **Agreed to Plan Provisions**. Pursuant to negotiations with certain parties in interest before the Confirmation Hearing, the Debtor has agreed to the following provisions in this Confirmation Order, in lieu of certain parties filing objection.

  a. As to creditor Tarrant County, Texas, only: "Pending payment of its Allowed Secured Claim pursuant to the Plan, the liens of Tarrant County, Texas in

FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC  35

83756455.2

the amount of $25,000.00 shall attach to the proceeds of the Liquidation Funding in the same validity, extent and priority as existed on the Petition Date, subject to any defenses, disputes, or claims of the Debtor, which shall be reserved and preserved for the Plan Administrator and the Post-Effective Date Debtor. This $25,000.00 amount shall not be dispositive of the amount of Tarrant County's claim and shall not limit the amount to which Tarrant County is entitled. In the event payment occurs after January 31, 2023, payment of Tarrant County's claim shall include interest that has accrued at the state statutory rate of interest from the petition date through the effective date and from the effective date through payment in full pursuant to 11 U.S.C. Sections 506(b), 511 and 1129. For the avoidance of doubt, this language does not grant Tarrant County, Texas an Allowed Claim under the Plan."

b.      As to Creditor the Texas Comptroller of Public Accounts' only: "Notwithstanding any term in the Plan or this Confirmation Order to the contrary: (i) the Texas Comptroller of Public Accounts' (the "**Comptroller**") setoff rights are preserved subject to the requirements of § 553 of the Bankruptcy Code and applicable law; (ii) pursuant to § 503(b)(1)(D) of the Bankruptcy Code, the Comptroller shall not be required to file a request for payment of any § 503(b)(1)(B) and (C) administrative expense; (iii) taxes coming due post-petition, if any, shall be reported and paid to the Comptroller when due under state law; (iv) if the Comptroller disputes the amount of a paid administrative expense, the Comptroller shall notify the Plan Administrator and counsel within 15 days of receipt of payment; (v) if the Comptroller does not make such notification, the Comptroller

**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V PLAN OF LIQUIDATION FOR DEBTOR NORTH RICHLAND HILLS ALAMO, LLC**                                                                 36

83756455.2

will have been deemed to agree to the amount paid, so that the Plan Administrator can proceed with distributions; (vi) any and all tax liabilities owed by Debtor to the Comptroller, including those resulting from audits, shall be determined under and in accordance with the laws of the State of Texas; (vii) Debtor shall file the requisite return for the pre-petition 2022 franchise tax period on or before August 15, 2022; (viii) upon filing, Debtor shall forward a copy of the return to counsel for the Comptroller; (ix) the Comptroller shall be allowed to amend its pre-petition claim, without leave of court, within 15 days of receipt of the return; (x) the Comptroller's pre-petition claim shall be paid pursuant to section 5.04 of the Plan; and (xi) other than Debtor's payment of the claim pursuant to the Plan, the bankruptcy shall have no effect on the Comptroller's rights as to non-Debtor third parties."

c.     As to creditor BTH only: "For the avoidance of doubt, the carveout contained in the Plan for the "Prepetition Secured BTH Debt" in Sections 13.06 and 13.11 of the Plan in Article XIII shall also include the BTH Loan Documents."

31.     **Discharge of Subchapter V Trustee**. Pursuant to Bankruptcy Code sections 1183 and 1194(b), the Subchapter V Trustee shall terminate any and all services with respect to the Debtor and the Subchapter V Case once the Plan has been substantially consummated.

32.     **SETOFF.** Sections 13.08 (Setoff) and Section 13.09 (Recoupment) of the Plan are proper and approved, and such Sections shall govern for purposes of determining rights of recoupment, setoff, and setoff mutuality under applicable law. The rights of the Debtor, Post-Effective Date Debtor, and Plan Administrator to dispute any alleged right of recoupment or setoff is preserved in all respects.

33. **RETENTION OF JURISDICTION.** Pursuant to Bankruptcy Code §§ 105(a) and 1142, notwithstanding confirmation of the Plan or occurrence of the Effective Date, this Court retains jurisdiction over this Subchapter V Case and related matters, as legally permissible, to the full extent provided in the Plan.

34. **REVERSAL.** Except as otherwise provided herein, if any provision of this Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor or Plan Administrator prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any reversal, stay, modification, or vacatur of this Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Order and the Plan or any amendments or modifications thereto, and shall remain binding.

35. **CONFLICTS.** The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however*, that in the event of any inconsistency among the Plan and any Plan Document, the provisions of the Plan shall govern. In the event of any inconsistency between the Plan and this Order, this Order shall govern. The provisions of this Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of the Court.

36. **Notice**. Within four (4) business days of the entry of this Confirmation Order, Debtor shall transmit a copy of this Confirmation Order via first class mail with postage prepaid to all of its known creditors and parties-in-interest. Such notice shall be adequate under the

circumstances and shall be sufficient to meet the requirements necessary for due process and Bankruptcy Rule 2002(f)(7).

### ### END OF ORDER ###